
FILED
April 21, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002576124

5
Michael F. Burkart, Trustee
5150 Fair Oaks Blvd., #101-185
Carmichael, CA 95608
Tel: (916) 485-0412
E-mail: burkart@cwo.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| In re: | Case No. 10-23584-D-7 |
|---|---|
| | DCN: MFB - 3 |
| **EFREN AMADOR CHACON**, and | |
| **MARY I. CHACON**, | DATE: May 12, 2010 |
| | TIME: 10:00 AM |
| Debtors. | DEPT: D |
| | COURTROOM: 34 (6th Floor) |

**TRUSTEE'S VERIFIED MOTION FOR AUTHORITY
TO SELL PERSONAL PROPERTY OF THE ESTATE BY PUBLIC AUCTION**

TO: THE HONORABLE ROBERT S. BARDWIL, JUDGE
UNITED STATES BANKRUPTCY COURT

    The undersigned, Michael F. Burkart, being the duly appointed Trustee in the Bankruptcy Estate of Efren Amador Chacon and Mary I. Chacon (the "Debtors"), requests that this Court approve the sale of the Bankruptcy Estate's interest in that certain Personal Property owned by the Debtors, including payment of the Auctioneer's fixed fee and reimbursement of actual costs attendant to the sale and payoff the existing vehicle secured loan balance in favor of Toyota Motor Credit Corporation. The Personal Property consists of a 2005 Toyota Camry, LE Sedan Motor Vehicle (the "Vehicle"). In support of this Motion, the undersigned Trustee respectfully represents as follows:

    1.    The Debtors filed a voluntary Chapter 7 Bankruptcy Petition on February 16, 2010, and an Order for Relief was entered thereon.

    2.    Michael F. Burkart was appointed as the Interim Chapter 7 Trustee on or about February 16, 2010, and continues to serve in that capacity.

3. The Court has jurisdiction over the current motion pursuant to 28 U.S.C. §1334 and §157(a). This Motion is a core proceeding under 28 U.S.C. §157(b)(2)(N). This Motion is brought pursuant to Federal Rules of Bankruptcy Procedure 6004 and 2002(a)(2), and Local Bankruptcy Rule 9014-1(f)(2).

4. The Debtors' Schedule "B" filed on February 16, 2010, disclosed personal property described as "2005 Toyota Camry LE Sedan 4D  45,865 Mileage" having a market value of $13,525.00. The Motor Vehicle is further identified by VIN #4T1BF30K85U108789, California License No. DPZ0331.

5. The Debtors' Schedule "D" filed on February 16, 2010, disclosed a purchase money security interest in favor of Toyota Motor Credit Corporation securing a vehicle loan #0001 (last four digits) with a balance owing of $3,387.00 secured by the 2005 Toyota Camry LE Sedan.

6. On April 2, 2010, Toyota Motor Credit Corporation filed its Proof of Claim in the amount of $1,745.18 secured by the Motor Vehicle. However, the Trustee believes that this Proof of Claim is not accurate as the loan account number and attached documentation does not conform with the Debtors' name and the Debtors' Schedules filed in this case. The undersigned Trustee has since made three telephonic requests to representatives of Toyota Motor Credit Corporation to file an amended or replacement Proof of Claim accordingly.

7. The undersigned Trustee is now persuaded that Toyota Motor Credit Corporation is not very responsive to his request. Therefore, the Trustee is also requesting that he be authorized to advance personal funds to pay off the vehicle secured loan and be reimbursed in the same amount of the pay off balance with funds realized from the sale proceeds.

8. The Debtors' Schedule "C" also filed on February 16, 2010, claimed monetary exemptions pertaining to the Motor Vehicles. In an attempt to maximize their claims for monetary exemptions, the Debtors elected to claim various exemptions covering the Motor Vehicle pursuant to the C.C.P. §704 exemption scheme illustrated as follows:

| Description of Asset | Market Value of Asset | Authority For Exemption | Exemption Claimed |
|---|---|---|---|
| 2005 Toyota Camry LE | $13,525.00 | §704.010 | $2,550.00 |
|  |  | §704.020 | 7,588.00 |
| Totals | $13,525.00 |  | $10,138.00 |

9. On March 25, 2010, the undersigned Trustee filed an Objection to the Debtors' Claim of Exemption (see DCN: MFB-1) pursuant to C.C.P. §704.020 in the amount of $7,588.00 and Motion for Turnover pertaining to the 2005 Toyota Camry LE. The Trustee asserted that the exemption claimed for "household furnishings", as provided under the §704.020, is specifically limited to those household furnishings, appliances, provisions, wearing apparel and other personal effects typically found in one's primary residence and <u>cannot</u> be claimed to exempt equity in any motor vehicle.

10. On April 19, 2010, the Court entered its Order sustaining the Trustee's Objection to the exemption claimed in the amount of $7,588.00.

11. The Vehicle is presently in the Trustee's possession. Upon inspection, the general condition of the Vehicle is "Good". There is slight evidence of normal wear & tear. The vehicle ahs an automatic transmission and v-6 engine. New tires and brakes were installed at 58,000 miles on the odometer. The current mileage on the odometer of the Motor Vehicle is 68,000 miles.

12. The Trustee proposes to utilize the services of **Brasher's Sacramento Auto Auction** ("Brasher's") on a consignment basis to facilitate the sale of the Vehicle at public auction. Brasher's was first established in 1956 and has been owned by the Brasher Family since 1978, serving major markets throughout the Western United States. Located at 6233 Blacktop Road, Rio Linda, California, Brasher's sells 1,900 to 2,300 vehicles at their weekly sales and 2,500 to 2,800 at special event sales. With 3,200 registered dealers, Brasher's averages 900 dealers at each sale. Their facility is comprised of over 100 acres including a 14,000 square foot auction arena with sixteen sales lanes. Their services include a full detail shop, a 27,000 square foot auto body & paint center, a 7,000 square foot mechanical repair center & certification facility, an on-site test track, and a 10,000 space consignment parking lot. The entire facility is fenced and secured 24 hours a day, seven days a week.

13. Brasher's conducts a routine weekly auction on Tuesdays. The first available auction after this Court hearing would be during the week of May 17, 2010. The Trustee believes that Brasher's Auction will be ideal method to sell a late model vehicle like the Toyota Camry in a more difficult economic market.

14. The Trustee proposes to utilize Brasher's consignment services based on the following terms: A) Payment in full is required in cash or certified check on the same day of the actual sale. Vehicles are sold in an "as-is, where-is" basis; and, all sales are final; B) The Trustee reserves the right to accept or reject any or all bids and to offer items in bulk, piecemeal or any combination

thereof; and, C) The date and time of the sale may be rescheduled by the Trustee without further notice to creditors. The total estimated cost is summarized as follows:

| | |
|---|---|
| Auctioneer's fixed fee: | $100.00 |
| Cost to transport vehicle: | 40.00 |
| Cost to detail vehicle: | 85.00 |
| DMV documentation: | 10.00 |
| Estimated total cost for services: | $235.00 |

The Estate's total cost of the auctioneer's consignment fee and services are a flat fee as shown above and fixed regardless of the actual sale amount of the vehicle. Any specific mechanical repairs needed are estimated on a case-by-case basis.

15. Under the Trustee's authority, Brasher's will transport the Vehicle to its auction facility in Rio Linda in preparation for a future auction. By this Motion, the Trustee requests authority to sell the Vehicle at public auction on the date as noted above, or soon thereafter, pursuant to 11 U.S.C. §363(b).

16. The Trustee anticipates that the auction should yield approximately $8,000.00 in sale proceeds.

17. Following the sale, the Trustee will file a complete Report of Sale with the Court including the actual sale price and an itemized list of all costs attendant to the sale.

WHEREFORE, the undersigned Chapter 7 Trustee respectfully requests that this Court approve the sale of the Estate's interest in the Vehicle at a public auction and issue an order providing as follows:

A.) Authorizing the Trustee to sell the Vehicle by means of a public auction sale to be conducted on June 30, 2009, or at a later date should such become necessary;

B.) Approving the proposed auction sale pursuant to U. S. C. §363(b);

C.) Authorizing the Trustee to execute any and all documents, including documents to be filed with the California Department of Motor Vehicles, that are deemed necessary to effectuate the proposed sale;

D) Authorizing the Trustee to advance personal funds to pay off the automobile secured loan in favor of Toyota Motor Credit Corporation and be reimbursed in the same amount of the pay off balance with funds realized from the sale proceeds.

E.) Authorizing the payment of the Auctioneer's fixed fee plus reimbursement of costs attendant to the sale incurred from the auction sale proceeds;

F.) Providing for such other and further relief as this Court deems proper.

Respectfully submitted,

Dated: April 21, 2010
    /s/ Michael F. Burkart
Michael F. Burkart, Bankruptcy Trustee

## VERIFICATION

I, Michael Burkart, am the Trustee in the above Chapter 7 Bankruptcy Case. I have read the TRUSTEE'S VERIFIED MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY OF THE ESTATE BY PUBLIC AUCTION and know the contents thereof. I certify that the facts stated therein are true of my personal knowledge, except as to the matters that are stated upon information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of April, 2010, at Sacramento, California.

    /s/ Michael F. Burkart
Michael F. Burkart